UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DILPREET KAUR<br>19275 STONE OAK PARKWAY<br>APT. 1523<br>SAN ANTONIO, TX 78258 | : <br> : <br> : <br> : <br> : | Case No.: <br><br> Judge: |
| Plaintiff, | : | |
| vs. | : | |
| KUNDAN LAL<br>2976 W. MCMICKEN AVENUE<br>APT. 4<br>CINCINNATI, OH 45225 | : <br> : <br> : <br> : | JURY DEMAND ENDORSED HEREON |
| and | : | |
| JOHN DOE, name unknown<br>111 E. MCMICKEN AVENUE<br>CINCINNATI, OH 45202 | : <br> : <br> : | |
| and | : | |
| UR MART<br>111 E. MCMICKEN AVENUE<br>CINCINNATI, OH 45202 | : <br> : <br> : | |
| Defendants. | : | |

## CIVIL COMPLAINT FOR MONETARY DAMAGES

**Parties, Jurisdiction, and Venue**

1. Plaintiff Dilpreet Kaur ("Plaintiff") is an adult individual residing at 19375 Stone Oak Parkway, Apt. 1523, San Antonio, TX 78258.

2. Defendant Kundan Lal ("Defendant Lal") is an adult individual residing at 2976 W. McMicken Avenue, Apt. 4, Cincinnati, OH 45225.

3. Defendant John Doe ("Defendant Doe") is an adult individual and the owner of Defendant UR Mart. Defendant Doe's name is unknown.

4. Defendant UR Mart ("UR Mart") is a business located at 111 E. McMicken Avenue, Cincinnati, OH 45202.

5. Subject matter jurisdiction is proper under this Court's diversity jurisdiction, 28 U.S.C. § 1332, because there is diversity of citizenship between Plaintiff and Defendants, and more than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, is in controversy.

6. There is personal jurisdiction over Defendants in this Court because Defendants committed tortious conduct in Hamilton County, Ohio and said tortious conduct is the basis for the causes of action set forth below.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the tortious conduct which is the basis for the causes of action pleaded in this Complaint occurred in this judicial district, specifically, Hamilton County, Ohio.

**First Claim for Relief – Negligence of Defendants**

8. On May 10, 2019, Plaintiff was visiting UR Mart.

9. Defendant Lal, while working as an employee and agent of UR Mart, while in the scope of his employment, and in the presence of Plaintiff, negligently drew a firearm, owned by Defendant Doe and negligently kept in UR Mart for use by its employees, and shot Plaintiff.

10. UR Mart is liable to Plaintiff under the doctrine of respondeat superior.

11. The negligence of Defendants, including but not limited to the negligence as set forth above, proximately caused injuries and damages to Plaintiff, including the following:

      a.    bodily injury, disability, embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, and other disabling injuries and non-economic damages which deny each a normal way of life, all of which will continue into the future and are permanent;

      b.    hospital, doctor, and other medical expenses, and Plaintiff will with reasonably certainty incur future hospital, doctor, and other healthcare expenses, all of which are permanent; and

      c.    wage loss, impairment of earning capacity, and other economic loss.

**<u>Second Claim for Relief – Willful, Wanton, and Reckless Misconduct of Defendants</u>**

12.    Plaintiff incorporates paragraphs 1-11 as if fully rewritten herein.

13.    Defendants Lal, Doe, and U R Mart engaged in willful, wanton, and reckless misconduct, and demonstrated a flagrant disregard of the rights and safety of Plaintiff, and said tortious conduct included, but was not limited to, improperly storing, handling, and using a loaded handgun in UR Mart without adequate training or supervision.

14.    As a direct and proximate result of the willful, wanton, and reckless misconduct of Defendants, Plaintiff suffered injuries and damages, including the following:

      a.    bodily injury, disability, embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, and other disabling injuries and non-economic damages which deny each a normal way of life, all of which will continue into the future and are permanent; and

      b.    hospital, doctor, and other medical expenses, and Plaintiff will with reasonable certainty incur future hospital, doctor, and other healthcare expenses, all of which are permanent; and

3

      c.      wage loss, impairment of earning capacity, and other economic loss, all of which are permanent.

WHEREFORE, Plaintiff demands a judgment against Defendants, and each of them, jointly and severally, in an amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five Hundred Thousand Dollars ($500,000.00) in punitive damages, court costs, attorney fees, and other such relief as the Court may deem appropriate.

                Respectfully submitted,

                /s/ John K. Fitch
                John K. Fitch (0008119)
                900 Michigan Avenue
                Columbus, OH 43215
                614.545.3930; 614.545.3929 – Fax
                John@thefitchlawfirm.com
                *Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury on all issues herein.

/s/ John K. Fitch_____
John K. Fitch (0008119)